UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

JAMES D. HORN )
)
v. ) NO. 2:03-CV-454
)
STATE OF TENNESSEE )

# MEMORANDUM and ORDER

This is a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, brought by James D. Horn, who is currently serving an effective 90-year sentence with the Tennessee Department of Correction, pursuant to a raft of 1997 state court convictions for aggravated burglary (31 counts) and theft (29 counts). The case is now before the court on the respondent's motion for a judgment as a matter of law, which is supported by a brief and copies of the state appellate court's opinions. [Doc. 16]. Mr. Horn opposes the motion. [Doc. 22].

In the first of two grounds for relief alleged in his petition, Mr. Horn claims that his conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure. More specifically, Mr. Horn asserts that officers searched his house for two days, but did not secure a search warrant; that the consent form, which was signed by another occupant of the house, did not contain the address

on it; and that the officers exceeded the scope of the search (which was to search the premises for Mr. Horn to serve him with a fugitive warrant).

As the respondent points out, quite correctly, these Fourth Amendment claims are not cognizable in these proceedings. This is so because a habeas petitioner may not seek raise issues challenging the legality of a search and seizure, if he had a full and fair opportunity to raise the claims in state court and if the presentation of the claims was not frustrated by any failure of the state's corrective processes. *Stone v. Powell*, 428 U.S. 465, 494-95 (1976).

In this case, Mr. Horn does not assert that he did not have an adequate opportunity to litigate his claims and, indeed, the state court held two suppression hearings in connection with the search and seizure issues. These claims are not reviewable in habeas corpus proceedings, *Seymour v. Walker*, 224 F.3d 542, 553 (6th Cir.2000), *cert. denied*, 532 U.S. 989 (2001), and are **DISMISSED**.

In the second ground for relief, Mr. Horn alleges that he had ineffective assistance due to his trial and appellate attorneys' respective failures to develop the search issue during the suppression hearings and to raise the issue on appeal. Mr. Horn specifically faults his trial lawyer with failing to conduct a thorough investigation to support the motion to suppress certain evidence as having been obtained in an illegal search; failing to argue that the officers exceeded the scope of the search by

2

doing a full-blown search of his house that lasted for several days; and failing to ascertain whether a hand gun seized during the search belonged to him. Mr. Horn further ascribes as attorney error the failure to offer these issues as claims on appeal.

Mr. Horn raised these claims in his post-conviction petition. Mr. Horn's trial counsel, a member of the Public Defender's staff, testified at the post-conviction hearing that two suppression hearings were held on the motion to suppress. The motion was unsuccessful: The trial court found that a co-occupant of the house had given a valid, effective consent to search and that court refused to suppress evidence of the stolen property discovered at the house. Mr. Horn's trial attorney had thought the issue was worth appealing and, when the appeal was referred to a contract attorney, he noted this issue on the referral form.

Mr. Horn's appellate counsel also testified at the evidentiary hearing. She averred that she had reviewed the referral form and the full appellate record (which included the technical record of filings and the trial transcript) and was entirely aware of the suppression issue. However, after performing legal research on the consent-to- search issue, she reached the conclusion that the case law would not support such a claim and made the decision not to include it as a claim on appeal.

After hearing the testimony and the evidence presented at the evidentiary hearing, the post-conviction court found that the consent to search had been given by a resident of the house and that the search was reasonable.

Mr. Horn also offered this claim in his post-conviction appeal. The Tennessee Court of Criminal Appeals agreed with the lower court's finding, citing to case law that holds that persons with common authority over property may consent to a search.[1] The state appellate court noted that the resident's testimony at the post-conviction hearing showed that she had common authority over the premises. Ultimately, the Court of Criminal Appeals concluded that Mr. Horn had not established that he had been prejudiced by trial counsel's failure to further develop search issues.

With regard to Mr. Horn's appellate attorney's purported error in failing to raise the search issue on direct review, the state appeals court determined that she had exercised her professional judgment in omitting the issue and that, moreover, the

---

[1] The Court of Criminal Appeals noted that the very search at issue had been previously adjudicated in connection with Mr. Horn's appeal of his convictions in Washington County and that, while not conclusive with respect to the Sullivan County convictions, the appeals court had ruled that the consent was valid in that it had been given by a person with common authority over the house. *Horn v. State*, 2002 WL 31827922, at * 6.

trial court's suppression rulings would have been upheld had counsel raised the issue on appeal. Thus, the state appeals court determined (inferentially) that Mr. Horn's appellate attorney's failure to assert the claim as a ground for relief had been a strategic decision and not a deficiency of performance. It further determined that Mr. Horn had not shown prejudice from his trial attorney's failure to offer additional challenges to the search or from his appellate lawyer's failure to include the issues on appeal.

With respect to the hand gun issue, Mr. Horn argued to the post-conviction court that the serial number on a pistol which had been reported stolen in one of the burglaries and thefts did not match the serial number of a pistol which was seized in the search of the Horn home and attributed to the crime. He suggested that his trial attorney's failure to pursue this issue amounted to ineffective assistance.

The post-conviction court determined that Mr. Horn had not demonstrated any discrepancy between the serial numbers. The appeals court agreed and, finding no reason to disturb this determination, declined to grant Mr. Horn relief on this claim of ineffective assistance.

The state appeals court addressed the claimed deficiencies in Mr. Horn's trial and appellate counsels' representation in great detail, applying the standard first enunciated in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *Strickland* set

forth a two-prong test for evaluating claims of ineffective assistance of counsel. First, a petitioner must show that his attorney's performance is deficient. In assessing counsel's performance, a court must presume, in view of the circumstances, counsel's questioned actions might have been sound strategic decisions. *Id*, at 689. Second, a petitioner must also show actual prejudice. In effect, he must demonstrate that counsel's errors were such as to render his trial unfair and the results unreliable. *Id.* at 687. A petitioner will satisfy the prejudice prong of the *Strickland* test if he shows there is a reasonable probability, but for counsel's unprofessional errors, the result of the proceeding would have been different.[2] *Id.* at 694.

The respondent argues that the state court's determination of the claims was not contrary to or an unreasonable application of the governing legal rule in Supreme Court cases and that Mr. Horn is entitled to no relief. Mr. Horn, takes the contrary position, relying upon *Bell v. Cone*, 535 U.S. 685 (2002), which found (according to him) that the Tennessee Court of Criminal Appeals applied the rule which governs ineffective-assistance claim in an objectively unreasonable manner in *Cone*'s case. Mr. Horn suggests that the same state court also applied the rule to the facts of his case in an objectively unreasonable manner. Mr. Horn's reliance on *Cone*

---

[2] "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694 .

is misplaced. In *Cone*, the Supreme Court determined that the state court's holding that counsel had not rendered ineffective assistance did **not** involve an unreasonable application of the controlling legal rule, and thus, could not support federal habeas corpus relief. *Id.* at 699-792.

In any event, and as suggested by the parties' arguments, a district court may not grant a writ of habeas corpus for any claim adjudicated on its merits in state court unless the adjudication either (1) resulted in an decision that was contrary to, or involved an unreasonable application[3] of clearly established federal law as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d).

The factual determinations of state courts are presumed to be correct and Mr. Horn has the burden of rebutting this presumption with clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). He has not carried this burden. Deferring to the factual finding that Mr. Horn did not provide proof of any discrepancies in the serial numbers at the evidentiary hearing, *Mason v. Mitchell*, 320 F.3d 604, 614 (6th Cir. 2003) (observing that the presumption of correctness also applies to the factual

---

[3] A state court unreasonably applies federal law when it applies federal law to facts in a manner that is "objectively unreasonable." *T. Williams v. Taylor,* 529 U.S. 362, 409 (2000).

7

findings made by a state appellate court based on the state trial record), necessarily requires this court to conclude that the state court's determination that Mr. Horn was not denied his constitutional right to effective assistance of counsel with respect to the pistol issue is not an unreasonable application of, or contrary to, Supreme Court precedent.

Moreover, the state courts did not unreasonably apply the *Strickland* standard in concluding that Mr. Horn's trial and appellate counsel did not give him ineffective assistance by failing to further develop the issues concerning the legality of the search during the suppression hearing or to offer them as claims on appeal.

Accordingly, the respondent's motion for a judgment as a matter of law will be **GRANTED**. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, the court **DENIES** leave to proceed *in forma pauperis* on appeal. *See* Rule 24, Federal Rules of Appellate Procedure.

A separate order will enter.

ENTER:

        s/Thomas Gray Hull
       THOMAS GRAY HULL
        SENIOR U. S. DISTRICT JUDGE